IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 17, 2009 Session

## CHRISTY LEANN SMITH v. LEONA M. PRATT, EXECUTRIX OF THE ESTATE OF STEPHEN M. PRATT, M.D., DECEASED, AND HCA HEALTH SERVICES OF TENNESSEE, INC. D/B/A CENTENNIAL MEDICAL CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 04C-2961     Barbara Haynes, Judge**

_____

**No. M2008-01540-COA-R9-CV - Filed April 22, 2009**

_____

FRANK G. CLEMENT, JR., J., concurring.

I fully concur in the majority's well reasoned analysis and conclusion whereby the Court holds that the qualified immunity defense set forth in Tenn. Code Ann. § 63-6-219(d)(1) is available to a hospital when a patient sues the hospital for credentialing decisions made by a peer review committee of the hospital. I author this concurring opinion to emphasize the fact the Court has not determined whether Centennial Medical Center does or does not have qualified immunity based upon the facts in this case. As the majority stated, we have not determined whether the peer review credentialing decision was made in good faith based upon facts reasonably known or reasonably believed to exist at the time the credentialing decision was made. If it was, then Centennial Medical Center is entitled to qualified immunity pursuant to Tenn. Code Ann. § 63-6-219(d)(1); however, if it was not, then the hospital is not entitled to qualified immunity.

Our decision is based in part on substantial evidence in the record – testimony of doctors and nurses who worked with Dr. Pratt at Centennial Medical Center – which indicates that Dr. Pratt, a plastic surgeon, was well known for an admitted emphasis on profits and revenues over patient care, a lack of postoperative follow-up care, and a complication rate that was significantly higher than all other surgeons practicing at Centennial Medical Center. Moreover, and significantly, the testimony in the record reveals that this information was well known by several physicians, nurses and administrators at Centennial Medical Center prior to the credentialing decision at issue.

We fully acknowledge that the evidentiary glass may only be half full, meaning that there may be countervailing evidence that will establish that Dr. Pratt had many redeeming qualities as a physician and surgeon and, thus, support a finding that the decision by the peer review committee

was made in good faith.  For this reason, we make no ruling concerning whether the decision of the peer review committee was or was not made in good faith based upon facts reasonably known or reasonably believed to exist at the time the credentialing decision was made.


_____
FRANK G. CLEMENT, JR., JUDGE